DICKINSON, Justice,
Specially Concurring:
¶ 65. For several reasons, I disagree with the view — expressed in the separate opinion that concurs in part and in result (“CIPR”) with the majority — that guardians ad litem should be allowed to introduce hearsay before chancellors to be used substantively at a trial on the merits. Rule 1 of the Mississippi Rules of Evidence plainly says those rules apply in chancery court — and they include no exception for guardians ad litem.
¶ 66. Since this is not a youth-court case, most of the authority cited in the CIPR opinion does not apply. And the portion that does apply provides no Mississippi authority for the proposition that, in adjudicating a case on the merits, a chancellors may ignore or “relax” the rules of evidence.
¶ 67. But even if such authority existed here (as it apparently does in Massachusetts), we should quickly overrule it. Chancellors should not decide the fate of children based on pure, rank, un-cross-examined hearsay.
¶ 68. Certainly I agree that guardians ad litem — properly appointed under Rule 706[10] and qualified as experts under Rule 702[11] — may rely on hearsay[12] in reaching their opinions. But hearsay used to support an expert’s opinion is quite different from hearsay admitted as substantive evidence.
*888 ¶ 69. Finally, in my experience, it is indeed a rare and unreliable piece of hearsay evidence that cannot be made to qualify under any of the thirty-one exceptions[13] to the rule against hearsay.[14] And if we believe enforcement of the rule against hearsay is appropriate and necessary to protect the rights of murderers, rapists, and pedophiles, surely we think it necessary to protect the rights and interests of children and their parents.
CARLSON, P.J., RANDOLPH, LAMAR AND CHANDLER, JJ„ JOIN THIS OPINION.

. Miss. R. Evid. 706.

. Miss. R. Evid. 702.

.See Miss. R. Evid. 703 (expert may rely on facts and data reasonably relied upon by experts in field, and such facts and data need not be admissible into evidence).

. See Miss. R. Evid. 803-804.

. See Miss R. Evid. 802 ("Hearsay is not admissible except as provided by law.”)